NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0628n.06

No. 10-2214

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Aug 26, 2011**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN PAUL BASHI,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:     MARTIN, GIBBONS, and KETHLEDGE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. John Paul Bashi pleaded guilty to one count of conspiracy to commit wire fraud as part of a Rule 11 plea agreement with the United States. Through that agreement, Bashi waived his right to appeal his conviction and sentence as long as he received a sentence below the top of the Guidelines range, which was nine years and seven months of imprisonment. The district court accepted his plea and sentenced him to nine years of imprisonment.

Bashi now attempts to appeal the procedural and substantive reasonableness of his sentence by arguing that the district court nullified the waiver-of-appeal provision in his plea agreement. He claims that the court indicated to him once at his plea hearing and a second time at his sentencing hearing that he might be able to file an appeal, even in the face of his waiver, thus rendering his guilty plea unknowing and involuntary. However, Bashi's argument relies on a mischaracterization

of the events at his plea and sentencing hearings.

Because Bashi did not object below that the district court had nullified his waiver of appeal, we review for plain error. *See United States v. Woodard*, 638 F.3d 506, 508 (6th Cir. 2011) (citation omitted). "[A] defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Sharp*, 442 F.3d 946, 949 (6th Cir. 2006) (internal quotation marks and citation omitted). Before a district court can accept an effective waiver of appeal, the court must "address the defendant personally in open court . . . [and] inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." *Id.* (internal quotation marks and citations omitted).

At Bashi's plea hearing, the district court discussed the Rule 11 agreement with Bashi, and asked him if he understood that he "would have a very difficult time appealing" if the court sentenced him to a within-Guidelines sentence. Bashi responded that he understood. The court then stated that, *if the United States agreed*, Bashi's waiver could be adjusted to allow him to appeal if the district court made a mistake in calculating his sentence. The district court asked whether the United States would agree to that alteration, but the United States declined. The district court then reiterated that Bashi was waiving his right to appeal: "[A]s it stands now, you are giving up your right to appeal. Do you understand that?" Bashi confirmed that he understood. The court found that Bashi was "acting voluntarily" and "underst[oo]d the consequences" and accepted Bashi's plea. Bashi asserts that the district court's question to the United States about altering the waiver nullified his waiver.

The district court sentenced Bashi to a term of imprisonment below the top of the Guidelines range. This gave effect to the waiver provision of Bashi's Rule 11 agreement. The court explained the waiver provision, Bashi waived his right to appeal, and the court concluded that he did so voluntarily. Although the district court queried whether the United States would agree to allow Bashi to appeal a sentencing mistake, the court clearly stated that such an alteration was only possible if the United States agreed. The United States did not agree, and the district court then reiterated to Bashi that he was waiving his right to appeal, which Bashi affirmed again that he understood. The district court's query did not nullify Bashi's waiver.

Later, at Bashi's sentencing hearing, the district court pronounced Bashi's sentence and asked Bashi if he had any questions. Bashi responded, "Not necessarily questions, Your Honor. And I'm not—I just don't know what to say. I mean [pause]." The court interjected, "Well, you have a constitutional right to appeal." The United States then reminded the court that Bashi had waived his right to appeal and asked the court to recite the *Bostic* question to Bashi. Bashi asserts that the district court's mention of a constitutional right to appeal nullified his waiver.

However, once a defendant has knowingly and voluntarily waived his right to appeal pursuant to a Rule 11 agreement, that waiver cannot be nullified if the district court later misstates at the sentencing hearing that the defendant has a right to appeal. *See United States v. Swanberg*, 370 F.3d 622, 625-26 (6th Cir. 2004). The district court accepted Bashi's knowing and voluntary waiver at the plea hearing. The district court's misstatement did not nullify it at the sentencing hearing.

We, therefore, **DISMISS** Bashi's appeal.